■ In the Matter of WILLIAM C. WIEGERT, Petitioner, v FRANCIS R. KOENIG et al., Constituting the Board of Police Commissioners of the City of Kingston, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County), to review a determination of the Board of Police Commissioners of the City of Kingston, New York, which found petitioner guilty of charges of having violated Departmental Orders Nos. 1 and 55, and dismissed petitioner from his position with the Police Department of the City of Kingston. On November 16, 1973, petitioner was permanently appointed to the position of patrolman in the Police Department of the City of Kingston. On February 25, 1972, the Police Chief of the City of Kingston issued Departmental Order No. 1 and on June 6, 1974, the Police Chief issued Departmental Order No. 55. These departmental orders, in effect, created guidelines for the handling of evidence and designated two detectives of the Kingston Police Department, Detectives Crespino and Levy, as custodians for the handling and security of evidentiary matter. Evidence was ordered tagged and turned over to the custodians. On December 28, 1974, petitioner and a fellow officer charged Robert A. East with criminal possession of a dangerous weapon in the third degree (Penal Law, § 265.02, subd [4]). At the time of the arrest, petitioner took possession of a .22-caliber handgun from East. He put the gun in an envelope and placed it in his locker. The charge against East was disposed of on March 20, 1975 when he received a sentence of one-year probation. On December 4, 1975, the Assistant District Attorney of Ulster County requested that the gun be returned to East since the charge was disposed of and East had a pistol permit covering the gun. Petitioner was requested to produce the gun and he later reported that it was missing from his locker. Petitioner was charged with a violation of Departmental Order No. 55 which had been issued on June 6, 1974. The order provided as follows: "Detectives John Crespino and Meyer Levy have been designated as custodians in and for the handling and security of evidence. When arrests are made and there is evidence involved, said evidence will be properly tagged and turned over to either one of the afore-mentioned Detectives for the proper handling and security. This will set down Department standards and procedure for the collection, identification, receipt, preservation and eventual disposition for handling physical evidence." Petitioner came into possession of the gun on December 28, 1974. Hearings pursuant to section 75 of the Civil Service Law were held on January 27, 1976 and February 3, 1976 on the charge against petitioner. At the end of the hearing, the following determination was made orally by the chairman of the hearing board: "It is the unanimous decision of the members of the Police Board in attendance at this hearing, the Respondent, Officer William Weigert, is guilty as charged. It is further the unanimous decision of this board in attendance that the Respondent, Officer William Weigert, forthwith be dismissed and removed as Patrolman of the Police Department of the City of Kingston." Petitioner contends that the evidence was insufficient to support a finding of misconduct, that the penalty was excessive, and that the board was improperly constituted. The basic charges against petitioner, consisting of violations of the Rules and Regulations of the Kingston Police Department and his failure to carry out the mandate of Departmental Order No. 55, were never refuted by petitioner. The rules of

conduct provide that a member of the department found guilty of violating any rule or regulation will be subject to disciplinary action. Failure to perform a duty or disobedience of an order are subject to disciplinary action. Petitioner had ample opportunity to comply with Departmental Order No. 55, but he chose not to comply. On the whole record, there is substantial evidence to support the determination of the board. By his failure to deliver the gun to the properly designated officers, resulting in the loss of the gun, petitioner exhibited a degree of irresponsibility which gave rise to his punishment. Petitioner, prior to this incident, had been the subject of disciplinary action for insubordination and was suspended for two months. Petitioner had exhibited a course of conduct not to follow the rules and regulations of the department. Thus, the board's penalty based on a finding of guilt was not excessive. Petitioner further contends that since the chief of police was secretary of the board, the board was improperly constituted to hear the charges against him. The City Charter of the City of Kingston provides that the chief of police shall be the secretary of the board. Although the chief of police was secretary of the board and had preferred the charges against petitioner, he took no active part in the proceedings other than to testify as to the petitioner's actions. He was not a voting member of the board and the decision of the petitioner's guilt or innocence as to the charges preferred was not decided by him, but by the actual members of the board. The board was properly constituted for the purposes envisioned by section 75 of the Civil Service Law and accorded the petitioner a fair and impartial hearing. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.